UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCKESSON CORPORATION,

    Plaintiff,

v.                                            Case No. 8:24-cv-1396-WFJ-SPF

BENZER OH 6 LLC, BENZER
PHARMACY HOLDING LLC,
ALPESH PATEL, MANISH PATEL,
and HEMA PATEL,

    Defendants.
_____/

**ORDER**

Plaintiff McKesson Corporation requests entry of clerk's default against Defendants Benzer OH 6 LLC and Benzer Pharmacy Holding LLC (Doc. 15), as well as Defendants Alpesh Patel, Manish Patel, and Hema Patel (Doc. 16). For the reasons explained below, the first motion (Doc. 15) should be granted in part and denied in part, without prejudice, and the second motion (Doc. 16) should be granted.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff filed its Complaint against Defendants on June 7, 2024 (Doc. 1). Plaintiff's process server served a copy of the summons and complaint on an employee for Benzer OH 6 LLC's registered agent in Ohio on June 14, 2024 (Doc. 10). This service is adequate under the relevant state and federal procedural rules. *See* Fed. R. Civ. P. 4(h)(1)(A), (e)(1) (stating service of process on unincorporated association may be

completed in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"); Fla. Stat. § 48.062 (permitting service of process on a limited liability company in Florida to be accomplished by serving "any employee of the registered agent" of the limited liability company); Ohio Rev. Code § 1706.09(H)(1)(a) (service of process on limited liability company in Ohio may be accomplished by delivering a copy of the process to the address of the limited liability company's registered agent).  Thus, Benzer OH 6 LLC's answer to Plaintiff's complaint was due July 5, 2024.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (stating a defendant who does not waive timely service must serve an answer "within 21 days after being served with the summons and complaint").

With respect to Defendant Benzer Pharmacy Holding LLC, Plaintiff's process server served a copy of the summons and complaint at the address of its principal place of business and registered agent by leaving the documents "with Alex (refused last name) who as Manager is authorized by appointment or by law to receive service of process" (Doc. 11). The process server also provided the additional description that she served the documents "to a member-member/manager-member or designated employee of the defendant LLC whose registered agent cannot be served with reasonable diligence, in the absence of a member/manager of the LLC.  Served pursuant to F.S. 48.062(a-c)[.]  Servee stated to use his supervisor's last name which is 'Patel' & wouldn't provide his last name." (*Id.*). Based on the information provided, it is unclear is service of process was accomplished on this defendant.

Service of process on a limited liability company in Florida may be completed by "service on its registered agent designated by the limited liability company." Fla. Stat. §

48.062(2). If this service cannot be completed after one good faith attempt, the process may be served on (a) any manager of a manager-managed limited liability company, (b) any member of a member-managed limited liability company, or (c) any person publicly listed by the domestic limited liability company on its latest annual report. Fla. Stat. § 48.062(3)(a)–(c). Here, it is unclear that this "Alex," is either a member or manager of the company, particularly considering his reference to a supervisor (Doc. 11). Even assuming that Alex is a manager, however, service on a manager is only proper after one good faith attempt to serve the registered agent failed. Fla. Stat. § 48.062(3). Here, there is no indication that any such attempt was made. As such, Plaintiff's motion for clerk's default (Doc. 15) is denied without prejudice as to this defendant only.

With respect to Defendant Alpesh Patel, Plaintiff's process server completed service of process by delivering a copy of the summons and complaint to Alpesh Patel's spouse at Alpesh Patel's usual abode on June 14, 2024 (Doc. 12). Because Alpesh Patel's spouse is a permanent co-resident of the abode and is older than fifteen years of age, this service is adequate. *See* Fed. R. Civ. P. 4(e)(1) (stating service of process on an individual may be completed in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"); Fla. Stat. § 48.031(1)(a) (service of process on an individual is made by delivering papers to "his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents"). Thus, Alpesh Patel's answer to Plaintiff's complaint was also due on July 5, 2024.

As to Defendant Manish Patel, Plaintiff's process server completed service of process by delivering a copy of the summons and complaint to Manish Patel's spouse at Manish

3

Patel's usual abode in Michigan on June 17, 2024 (Doc. 13). Because Manish Patel's spouse is a permanent co-resident of the abode and is older than fifteen years of age, this service is adequate. *See* Fed. R. Civ. P. 4(e)(1); Fla. Stat. § 48.031(1)(a); Mich. Ct. R. 2.105 (A)(1) (process may be served by "delivering a summons and a copy of the complaint to the defendant personally"); Mich. Ct. R. 2.107(C)(2)(b) (delivering a copy to a party means "leaving it at the party's usual residence with some person of suitable age and discretion residing there"). Thus, Manish Patel's answer to Plaintiff's complaint was due on July 8, 2024.

Finally, as to Defendant Hema Patel, Plaintiff's process server completed service of process by leaving a copy of the summons and complaint at "the usual abode of Hema Patel with Hema Patel who is a permanent co-resident and the Spouse/Co-Resident of Hema Patel" in Michigan on June 17, 2024 (Doc. 14). Thus, it is unclear if the process server personally delivered the documents to Hema Patel or to a spouse of Hema Patel. Either way, this service is adequate. *See* Fed. R. Civ. P. 4(e)(1); Fla. Stat. § 48.031(1)(a); Mich. Ct. R. 2.105 (A)(1); Mich. Ct. R. 2.107(C)(2)(b). Thus, Hema Patel's answer to Plaintiff's complaint was also due on July 8, 2024.

To date, each of the Defendants has not answered Plaintiff's complaint and has otherwise failed to plead or defend this action. Entry of clerk's default is thus warranted for each Defendant, with the exception of Benzer Pharmacy Holding LLC. Plaintiff's first motion for clerk's default (Doc. 15) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE as set forth herein. Plaintiff's second motion for clerk's default (Doc. 16) is GRANTED. The Clerk is DIRECTED to enter default against each of the Defendants except Benzer Pharmacy Holding LLC.

**ORDERED** in Tampa, Florida, on July 22, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE