UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCKESSON CORPORATION,

    Plaintiff,

v.                                                Case No. 8:24-cv-1396-WFJ-SPF

BENZER OH 6 LLC, BENZER
PHARMACY HOLDING LLC,
ALPESH PATEL, MANISH PATEL,
and HEMA PATEL,

    Defendants.
_____/

## ORDER

    Before the Court is Plaintiff McKesson Corporation's Renewed Motion for Entry of Clerk's Default Against Defendant Benzer Pharmacy Holding LLC ("BPH") (Doc. 29). For the reasons explained below, Plaintiff's motion is GRANTED.

    Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On June 14, 2024, Plaintiff's process server initially served a copy of the summons and complaint on Defendant BPH at the address of its principal place of business and registered agent by leaving the documents "with Alex (refused last name) who as Manager is authorized by appointment or by law to receive service of process" (Doc. 11). The process server also provided the additional description that she served the documents "to a member-member/manager-member or designated employee of the defendant LLC whose registered agent cannot be served with reasonable diligence, in the absence of a

member/manager of the LLC.  Served pursuant to F.S. 48.062(a-c)[.]  Servee stated to use his supervisor's last name which is 'Patel' & wouldn't provide his last name." (*Id.*).  Based on the information provided, the Court found that Plaintiff had not established that service of process had been completed (Doc. 17).

Under Rule 4, service of process on a limited liability company can be completed in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  Service of process on a limited liability company in Florida may be completed by "service on its registered agent designated by the limited liability company." Fla. Stat. § 48.062(2).  If this service cannot be completed after one good faith attempt, the process may be served on (a) any manager of a manager-managed limited liability company, (b) any member of a member-managed limited liability company, or (c) any person publicly listed by the domestic limited liability company on its latest annual report.  Fla. Stat. § 48.062(3)(a)–(c).  First, the Court noted that it was unclear that this "Alex," was either a member or manager of the company, particularly considering his reference to a supervisor (Doc. 11).  Even assuming that Alex is a manager, however, service on a manager is only proper after one good faith attempt to serve the registered agent failed.  Fla. Stat. § 48.062(3).  Because there was no indication that any such attempt was made, the Court denied Plaintiff's motion for a clerk's default (Doc. 17).

Now, counsel for Plaintiff has clarified that Plaintiff first attempted to serve BPH's registered agent on June 14, 2024 when it ultimately served an unauthorized employee of BPH (Doc. 28, ¶ 5).  On this occasion, Plaintiff's process server was advised that BPH no longer had a registered agent, and no registered agent was available at the time of service

(*Id.*).  Counsel for Plaintiff represents that she has made a diligent search and is unable to locate and effect personal service on BPH (*Id.*, ¶ 6).  These efforts include searching public records and other electronic records to locate alternate addresses for BPH as well as its registered agent (*Id.*).  As a result, Plaintiff attempted to complete service of process by serving the Florida Secretary of State pursuant to Fla. Stat. § 48.161 (*Id.*, ¶ 12).

If, after due diligence, a party is unable to serve a limited liability company's registered agent, and if the only person listed publicly on the company's latest annual report is also the registered agent on whom service was attempted, then "service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company."  Fla. Stat. § 48.062(4).  The Court finds that Plaintiff exercised due diligence in attempting to serve BPH's registered agent.  In addition, the only person listed publicly on BPH's latest annual report is the registered agent on whom service was attempted (Doc. 28, ¶ 8; Doc. 28-1).  As a result, Plaintiff was permitted to complete service of process on the Secretary of State as provided by Fla. Stat. § 48.161.

Plaintiff submitted the appropriate documents to effect service of process on BPH through the Florida Secretary of State's online service (Doc. 28, ¶ 13); *see* Fla. Stat. § 48.161(1) (substitute service of the Secretary of State may be made by "electronic transmission").  On September 24, 2024, the Florida Secretary of State accepted service of process for BPH (Doc. 28, ¶ 14; Doc. 25).  Shortly thereafter, Plaintiff sent a copy of the process documents along with the substitute service confirmation to BPH, via certified mail, at the address listed with Secretary of State as BPH's principal address and mailing address (Doc. 28, ¶ 15; Doc. 28-2); *see* Fla. Stat. § 48.161(2) ("Notice of service and a copy of the process must be sent forthwith by the party effectuating service or by such party's attorney . .

3

. by certified mail, return receipt requested [ . . . ] at such party's last known physical address[.]"). Plaintiff also sent a copy of the process documents and substitute service confirmation via certified mail to Defendant Alpesh Patel, who was previously listed as an officer of BPH in its prior annual reports (Doc. 28, ¶ 16; Doc. 28-3). Finally, Plaintiff filed a notice of compliance (Doc. 28) as required by Fla. Stat. § 48.161(2). *See* Fla. Stat. § 48.161(2) (stating that, within forty days after the date of service on the Secretary of State, plaintiff's attorney shall file an affidavit of compliance that sets forth "the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service under this section").

As a result, the Court finds that Plaintiff's service on Defendant BPH is adequate under the relevant state and federal procedural rules. Thus, BPH's answer to Plaintiff's complaint was due October 15, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (stating a defendant who does not waive timely service must serve an answer "within 21 days after being served with the summons and complaint"). To date, BPH has not answered Plaintiff's complaint and has otherwise failed to plead or defend this action. Entry of clerk's default is thus warranted. Plaintiff's Renewed Motion for Entry of Clerk's Default Against Defendant Benzer Pharmacy Holding LLC (Doc. 29) is GRANTED. The Clerk is DIRECTED to enter default against Defendant Benzer Pharmacy Holding LLC.

**ORDERED** in Tampa, Florida, on November 6, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

4